IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GEORGE STAMOS, JR.,

       Plaintiff,                    No. CIV S-04-0295 MCE GGH P

       vs.

CITRUS HEIGHTS POLICE,

       Defendant.              <u>ORDER</u>

_____/

       On February 17, 2005, the Ninth Circuit Court of Appeals remanded this matter for the limited purpose of allowing this court to rule on plaintiff's request for extension of time to file an appeal. A notice of appeal must be filed with the district court within thirty days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if the following conditions are satisfied:

    (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, which ever is earlier;
    (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

1

1     On October 22, 2004, judgment was entered. On November 22, 2004, plaintiff filed a notice of correct address, which the Ninth Circuit construes as a motion for an extension of time to appeal. In this motion, plaintiff states that from October 7, 2004, through October 27, 2004, he was incarcerated in the El Dorado County Jail. Plaintiff states that he did not receive any mail at California State Prison-Corcoran, his address of record, during that time. Plaintiff also states that he had not received all of his out-to-court legal property as of November 17, 2004, i.e. the date he signed the request for extension of time.

    As stated above, the court may grant a motion to re-open the time for filing an appeal if the moving party did not receive the notice from the district court within 21 days after entry. The court cannot determine from plaintiff's November 22, 2004, pleading when he received the October 22, 2004, judgment following his return to Corcoran. Accordingly, plaintiff is directed to file a short, verified declaration stating, to the best of his recollection, when he received the judgment.

    Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of this order, plaintiff shall file the declaration discussed above.

DATED: 4/20/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
stam295.ord