IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GEORGE STAMOS, JR.,

      Plaintiff,                      No. CIV S-04-0295 MCE GGH P

      vs.

CITRUS HEIGHTS POLICE,

      Defendant.                 <u>ORDER</u>

_____/

       On February 17, 2005, the Ninth Circuit Court of Appeals remanded this matter for the limited purpose of allowing this court to rule on plaintiff's request for extension of time to file an appeal. On October 22, 2004, judgment was entered. On December 20, 2004, plaintiff filed a notice of appeal. On November 22, 2004, plaintiff filed a notice of correct address, which the Ninth Circuit construed as a motion for an extension of time to appeal.

       A notice of appeal must be filed with the district court within thirty days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if:

/////

/////

/////

1

      (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
      (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

      No extension under Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later. Fed. R. App. 4(a)(5)(C).

      Plaintiff filed his motion for extension of time to file his appeal within thirty days after entry of judgment. Fed. R. App. P. 4(a)(5)(A)(i). Plaintiff's notice of appeal was filed within thirty days after the time for filing his appeal had run. Fed. R. App. P. 4(a)(5)(C). Accordingly, the court considers whether plaintiff demonstrated good cause to grant the extension of time.

      In the motion for extension of time, plaintiff stated that from October 7, 2004, through October 27, 2004, he was incarcerated in the El Dorado County Jail. Plaintiff stated that he did not receive any mail at California State Prison-Corcoran, his address of record, during that time. Plaintiff also stated that he had not received all of his out-to-court legal property as of November 17, 2004, i.e. the date he signed the request for extension of time.

      On April 21, 2005, the court ordered plaintiff to file a declaration discussing when he received the October 22, 2004, judgment following his return to Corcoran. On April 28, 2005, plaintiff filed a response to this order. Plaintiff states that he received the judgment on November 19, 2004. Because plaintiff did not receive judgment until November 19, 2004, the court finds good cause to grant plaintiff's motion for extension of time. The appeal filed December 20, 2004, is timely.

\\\\\

\\\\\

1          Accordingly, IT IS HEREBY ORDERED that:

2          1. Plaintiff's motion for extension of time to file his appeal, contained in his November 22, 2004, notice of correct address, is granted;

3          2. The Clerk of the Court is directed to serve this order on the Ninth Circuit Court of Appeals (Case No. 04-17510).

DATED: 6/7/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

stam295.cta